**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

OLAKITAN ADETAYO BANJOKO,
*also known as Banjoko Olakitan Adetayo,*

      Petitioner,

v.

TODD BLANCHE, Acting Attorney
General, MARKWAYNE MULLIN,
Secretary of the Department of Homeland
Security, TODD LYONS, U.S. ICE Field
Officer Director for the El Paso Field Office,
and DORA CASTRO, Warden of Otero
County Processing Center,

      Respondents.

No. 2:26-cv-00016-MIS-JMR

**<u>ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
GRANTING IN PART AND DENYING IN PART PETITIONER'S PETITION FOR A
WRIT OF HABEAS CORPUS</u>**

THIS MATTER is before the Court on the Proposed Findings and Recommended

Disposition of United States Magistrate Judge Jennifer M. Rozzoni ("PFRD"), ECF No. 21, issued

March 17, 2026. Petitioner Olakitan Adetayo Banjoko filed a Petition for Writ of Habeas Corpus,

ECF No. 1, on January 5, 2026. Respondents Markwayne Mullin, Todd Blanche, and Todd Lyons

("Federal Respondents"),[1] filed a Response on January 29, 2026, ECF No. 7. Petitioner filed an

Amended Petition for Writ of Habeas Corpus, ECF No. 9, on January 30, 2026. The Court referred

---

[1] Respondent Dora Castro, Warden of Otero County Processing Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, *see, e.g.*, *Intriago-Sedgwick v. Noem*, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, *see Francisco v. Dedos*, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

this case to Magistrate Judge Jennifer M. Rozzoni on February 3, 2026. ECF Nos. 12, 13. Judge Rozzoni issued her PFRD on March 17, 2026. ECF No. 21. Neither Party timely filed an objection.

Judge Rozzoni recommends that the Court find Petitioner subject to 8 U.S.C. § 1226, "'the default rule' for detaining noncitizens 'already present in the United States.'" PFRD at 10, ECF No. 21 (citing *Gonzalez Ramos v. Dedos*, No. 1:25-CV-00975-MLG-KRS, 2025 WL 3653928, at *3 (D.N.M. Dec. 17, 2025)). Judge Rozzoni believes this is the appropriate statute because Respondents concede Petitioner is not under final removal yet argue Petitioner should be subject to 8 U.S.C. § 1231(a)(1)(A), which only applies to detainees under final removal. *Id.* at 9. The Court agrees, Petitioner is subject to § 1226.

The Court further concurs with Judge Rozzoni's recommendation that the Court order a bond hearing since, under § 1226, alien detainees must receive an individualized bond hearing at the outset of detention. *Id.* at 10. And the Court concurs with Judge Rozzoni's recommendation that the Government bear the burden of proof because Petitioner has been detained in violation of his right to due process. *Id.* at 10-11 (citing *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241-46 (D.N.M. 2025) (Urias, J.)). The Court also concurs with Judge Rozzoni's recommendation that Petitioner's other requests be denied. *Id.* at 12-13.

The Court echoes Judge Rozzoni's concerns with the lack of diligence displayed by Respondents, and in particular Assistant Field Office Director Jose P. Ortez, in their conflicting assertions regarding Petitioner's visa status. *Id.* at 4-6. The volume of similar cases does not excuse shoddy performance, especially where individual liberty is at stake. Further unexplained discrepancies will not be tolerated.

The Court also shares Judge Rozzoni's concerns about whether Petitioner voluntarily waived his rights when he agreed to voluntarily depart. *Id.* at 6-8. While the Court concurs that it

lacks jurisdiction to review Petition's claim of not knowingly and voluntarily waiving his rights, it recommends the Board of Immigration Appeals and the Court of Appeals examine Petitioner's claim closely.

Therefore, it is **HEREBY ORDERED** that:

1. The Proposed Findings and Recommended Disposition issued by U.S. Magistrate Judge Jennifer M. Rozzoni on March 17, 2026, ECF No. 21, is **ADOPTED**;

2. Respondents **SHALL** conduct a bond hearing within seven (7) days, at which the Government bears the burden of proof and must prove by clear and convincing evidence that Petitioner poses a flight risk or danger to the community;

3. In the event the Government fails to meet its burden, bond **SHALL** be set at an amount Petitioner can reasonably afford;

4. If the Government fails to hold a bond hearing within seven (7) days, Petitioner **SHALL** be released;

5. If Petitioner is released as a result of the bond hearing or failure to hold a bond hearing within seven (7) days, Petitioner **SHALL NOT** be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), unless a final order of removal is entered in which case Petitioner may be detained pursuant to 8 U.S.C. § 1231(a)(2)(A); and

6. Petitioner's other requests for relief, namely that the Court approve his pending application for permanent residence, dismiss his deportation proceedings, and order his immediate release, are **DENIED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3